UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LARRY DEAN ROLLINS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:12-cv-00126-NT |
| | ) |
| NURSE HACKET, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Larry Dean Rollins, who claimed he was a pretrial detainee at Two Bridges Regional Jail when he initially brought his lawsuit on April 16, 2012, has sued a group of individuals in regard to his medical treatment and other issues while at the facility. One of the individuals sued, Lt. Bailey,[1] a shift commander employed at Two Bridges, has filed a motion to dismiss the complaint as it pertains to him. In spite of receiving a lengthy extension to respond to the motion, Rollins has never filed a response. I now recommend that the Court grant the motion and dismiss Lt. Bailey from this lawsuit.

*The Motions for Extension and Current Address for Rollins*

Bailey returned a waiver of service on May 17, 2012, and the clerk set an answer deadline of July 16, 2012. On July 10, 2012, Bailey filed his motion to dismiss, with the certificate of service indicating the motion had been sent to Rollins at Two Bridges Jail. Rollins's response was due on July 31, 2012. On July 19, 2012, Rollins filed a motion for extension of time complaining that he had been moved from facility to facility and needed additional time. He listed the Cumberland County Jail as his then current address. Magistrate Judge Cohen granted a 30-day extension to August 30, 2012. On July 23, 2012, Rollins filed a

---

[1] Rollins spells the name Baily in the complaint, but the defendant indicates the proper spelling is Bailey. (Motion to Dismiss, ECF No. 25, fn. 1).

second motion for extension, this time listing an address at the Maine State Prison.  I found the second motion was moot because Rollins had already been granted an extension until the end of August.  The clerk noted Rollins's change of address and a copy of both Magistrate Judge Cohen's Order and my Order was sent to Rollins at his Maine State Prison address.  On August 13, 2012, the Court received a motion from Rollins seeking court appointment of counsel.  His address showed he was still located at the Maine State Prison and a copy of the order denying his request was sent to him at that address.  The Court has received no further communication from Rollins and as of today's date he has never requested a further extension of his time to respond to the pending motion, the response having been due on August 30, 2012.

*The Merits of the Motion to Dismiss*

The motion to dismiss is brought by only one of three specifically named defendants.  The only factual allegation in the complaint concerning Defendant Lt. Bailey is the statement that "Defendant Lt. Baily is shift Commander employed at Two Bridges Regional Jail (Wiscasset, Maine).  He is sued in his individual and official capacities."  Plaintiff's Complaint, ¶ 5.  The Plaintiff has not alleged that Defendant Bailey committed or played any role in any of the acts upon which his Complaint is based.  There is no suggestion anywhere in the Complaint that Defendant Bailey participated in any way in the events which gave rise to the Complaint.  Accordingly, there is no basis for Plaintiff's claim against Defendant Bailey, in his individual capacity.

Likewise Rollins has no official capacity claim against the shift commander.  "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  Monell vs. Dept. of Soc. Servs., 436 U.S. 658, 691 n. 55(1978); see also Brandon vs. Holt, 469 U.S. 464, 468-475 (1985).  Therefore, this is essentially a

municipal liability claim against Two Bridges Regional Jail, or Lincoln and Sagadahoc Counties. In order to establish municipal liability, the Plaintiff must establish that he suffered constitutional violations as a result of unconstitutional acts by this entity.  See, Monell v. New York Department of Social Services, 436 U.S. 658 (1978).  Rollins has not alleged any wrongdoing by the entity itself and there is no basis for an official capacity lawsuit.  The bulk of Rollins's allegations appear leveled at medical providers who provide inmate care on a contractual basis.  If their alleged constitutional violations are the basis for some official capacity/municipal liability, Rollins has not explained what that might be and his theory of liability is not apparent to me.

## Conclusion

Based upon the foregoing, I recommend that the motion to dismiss be granted and that Lt. Bailey be terminated as a defendant in this lawsuit.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 13, 2012            /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge